IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY JEAN BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-386-SRW |
| ) | |
| CORPORATE TRANSPORTATION, ) | |
| INC., and RODNEY BENNETT, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on plaintiff's motion to remand and amend her complaint, Doc. 5, and defendants' motion to substitute Exhibit C to its notice of removal. This case was initially assigned to the undersigned as presiding judge, and the parties subsequently consented in writing to the exercise of final dispositive jurisdiction by the magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a). Doc. 15; Doc. 16. The motion to remand and motion to substitute exhibit have been briefed and taken under submission without oral argument. For the reasons stated herein, the defendants' motion to substitute exhibit is due to be GRANTED, and plaintiff's motion to remand is also due to be GRANTED.

**I. BACKGROUND AND FACTS[1]**

Plaintiff initiated this suit on November 2, 2017 by filing a complaint in the Circuit Court for Montgomery County, Alabama. Doc. 1-1. Plaintiff was involved in a vehicle collision with a

---

[1] These are the facts only for the purposes of the court's ruling on the pending motions. They are gleaned from the notice of removal, Doc. 1, and exhibits thereto; the motion to remand, Doc. 5, and exhibits thereto; defendant's answer, Doc. 10; defendants' motion to substitute exhibit, Doc. 11, and exhibits thereto; defendants' evidentiary submission in opposition to motion to remand; Doc. 12; and defendants' response to the motion to remand, Doc. 13.

truck operated by defendant Rodney Bennett during the course of his employment with defendant Corporate Transportation (collectively "defendants"). *Id.* Plaintiff's complaint alleges that, as a result of Bennett's negligence, recklessness and wantonness, and as a result of Corporate Transportation's negligent and wanton entrustment, and negligent training, retention, and supervision, plaintiff suffered substantial injuries. *Id.* Plaintiff seeks compensatory damages as well as court costs and attorney fees, but her complaint does not specify the amount of damages she intends to claim. *Id.*

When plaintiff filed her complaint, plaintiff also served the complaint and summons, interrogatories, and discovery requests on both defendants. *See* Doc. 1-2 at 14-44. These documents were delivered to defendant Corporate Transportation on November 6, 2017. *Id.* at 78. However, attempts to serve defendant Bennett were unsuccessful. *See id.* at 79-81. Corporate Transportation filed its answer to plaintiff's complaint on March 19, 2018, *id.* at 45-54, along with a motion for a qualified protective order, *id.* at 55-57, notice of deposition, *id.* at 60-61, discovery request, *id.* at 62-69, and interrogatories, *id.* at 70-77. Defendants filed their notice of removal, which is premised on diversity jurisdiction, on April 3, 2018. Doc. 1 at 1.

## II. THE PARTIES' POSITIONS

According to the defendants, their notice of removal is timely because defendant Bennett has not been served the original summons and complaint, and because Corporate Transportation consents to such removal. *Id.* at 3. Defendants allege complete diversity of parties, and state that, based on plaintiff's incurred medical expenses, totaling $10,647.69 as of September 8, 2017, anticipated future medical expenses, damages for mental anguish, damages for pain and suffering, and punitive damages, that it is reasonable to conclude that the damages will exceed the jurisdictional threshold of $75,000. *Id.* at 2-3.

Plaintiff's motion to remand does not dispute the timeliness of defendants' removal or diversity of the parties. Doc. 5. Plaintiff argues that the case is due to be remanded because the amount in controversy requirement has not been met. *Id.* ¶ 1. Plaintiff maintains that defendants failed to provide evidence to this court that the amount in controversy exceeds the jurisdictional minimum and that defendants' pre-suit offer of $2,500 demonstrates that defendants "clearly value [the] case below the $75,000 threshold." *Id.* ¶¶ 3-4. Further, plaintiff seeks leave to amend its state court complaint to restrict damages sought to $74,999. *Id.* ¶ 5; Doc. 5-2 ¶ 42.

Defendants argue, in response to plaintiff's motion to remand and amend its complaint, that on three separate occasions, plaintiff's counsel provided estimates of plaintiff's claim that were in excess of the jurisdictional threshold. Doc. 13 at 5. Defendants further argue that the plaintiff's pre-removal settlement demands, negotiations, and accompanying documentation support the inference that plaintiff's counsel attempted to make a reasonable valuation of plaintiff's claims, and that the plaintiff's own valuations are entitled to great weight in determining the amount in controversy. *Id.* at 5-6. In support of their notice of removal, defendants submit evidence of Corporate Transportation's insurance policy declarations, emails detailing plaintiff's pre-suit demand of $147,500, and an affidavit by a claims representative of Corporate Transportations insurance carrier which states that on March 28, 2018, plaintiff's attorney indicated that plaintiff would be unwilling to settle for less than "six figures." Doc. 12. Defendants also submit a motion to substitute an exhibit to the notice of removal, which includes an accident report and plaintiff's medical bills and record, along with plaintiff's pre-suit settlement demand letter. Doc. 11-1.

### III. LEGAL STANDARDS

#### A. REMOVAL

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* (citing *Univ. of S. Ala.*, 168 F.3d at 411).

The removing party has the burden of establishing subject matter jurisdiction. *Griffith*, 884 F. Supp. 2d at 1221. "[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Id.* (quoting *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Id.* (quoting *Lowe's*, 995 F. Supp. at 1389).

In considering a motion to remand, a district court "has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents," and "[i]f that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007). However, "a defendant *may* add post-removal evidence of jurisdiction to the record when that evidence is otherwise admissible." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (considering evidence establishing the amount in controversy requirement (citing *Lowery*, 483 F.3d at 1218-21)). *See also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("we need not vacate a decision on the merits if the evidence

submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing us of the parties' citizenship" (considering evidence establishing diversity of citizenship)); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction"). Any jurisdictional facts supporting removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Id.* at 949 (quoting *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Removal procedure is governed by 28 U.S.C. § 1446, which "contemplates two ways that a case may be removed based on diversity jurisdiction." *Moore v. Wal-Mart Stores East, L.P.*, 2015 WL 5813164, *4 (M.D. Ala. 2015) (report and recommendation adopted). "The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings." *Id.* (quoting *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1223 (N.D. Ala. 2012)). *See also* 28 U.S.C. §1446(b)(1).[2] "The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (quoting *Griffith*, 844

---

[2] "The Court in *Griffith* explained the 'first paragraph' and 'second paragraph' distinction made throughout case law analyzing this statute: "[t]he now defunct distinction between 'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first paragraph' and 'second paragraph' removals is still applicable despite its outdated terminology… ." *Moore*, 2015 WL 5813164, at *4 n. 3 (citing *Griffith*, 884 F. Supp. 2d at 1223 n.1).

F. Supp. 2d at 1223). *See also* 28 U.S.C. § 1446(b)(3). "Demand letters, settlement offers, and even emails estimating damages may constitute 'other paper.'" *Lee v. Lilly Trucking of Virginia, Inc.*, 2012 WL 960989 *2 (M.D. Ala. 2012). However, oral settlement demands alone are insufficient to constitute an "other paper":

> There is ample persuasive authority that Plaintiff's oral settlement communications do not qualify as "other paper" under § 1446(b)(3). In *Williams v. Litton Loan Servicing, LP*, 2011 WL 521624 (M.D. Ala. Feb. 15, 2011), this court observed that numerous other courts have concluded that "other paper" means a written document, with limited exceptions permitted for "deposition testimony and statements made in open court." Based on this collective authority and the statute's use of the word "paper," the court concluded that counsel for plaintiff's "oral settlement demand and the voicemail fail[ed] the 'other paper' requirement of § 1446(b) because they [were] plainly not written documents created by the plaintiff." *Id.* The oral settlement demand, therefore, was not "other paper" upon which Defendants could remove the case.
>
> Courts also have recognized that sound policy reasons undergird the conclusion that § 1446(b)(3)'s "other paper" element requires a written document. Significantly, the requirement of a written document avoids collateral litigation on issues of credibility disputes. *See State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 935 (D.S.D. 2010); *see also Simpson v. Primerica Life Ins., Co.*, 2015 WL 9315658, at *8 (M.D. Ala. Dec. 3, 2015) (espousing policy considerations for excluding oral statements from § 1446(b)(3)'s "other paper" requirement, including that an oral settlement demand does not permit a court to examine the plaintiff's words and their meaning for purposes of evaluating the amount in controversy), *report and recommendation adopted*, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015). Based upon the foregoing authority, the court finds that Plaintiff's oral statements are not "other paper" within the meaning of § 1446(b)(3) and that Defendants cannot rely on those statements to trigger the commencement of the statute's removal clock.

*Wood v. ADT LLC*, 2016 U.S. Dist. LEXIS 87885 *10-11 (M.D. Ala. 2016). If removal is based on an "other paper" and not the initial pleading, the "other paper" must be one which the defendant receives after the initial pleading is filed. *Jade East Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 891 (N.D. Fla. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160,163-64 (5th Cir. 1992)).

## B. DIVERSITY OF DEFENDANTS

"Where, as here, the purported statutory basis for federal jurisdiction is 28 U.S.C. § 1332(a)(1) – a civil action satisfying the amount-in-controversy requirement and between "citizens of different States" – there must be "complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). If a case has been removed, diversity jurisdiction is determined at the time of removal. *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1202, 1306 n.1 (11th Cir. 2001)). "[A] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). *See also Lamm v. Bekins Van Lines, Co.*, 139 F. Supp. 2d 1300, 1314 (M.D. Ala. 2001) ("To invoke removal jurisdiction on the basis of diversity, a notice of removal must distinctly and affirmatively allege each party's citizenship. The allegations must show that the citizenship of each plaintiff is different from that of each defendant.").

## C. TIMELINESS OF REMOVAL

For a second paragraph removal to be timely, it must be filed "within thirty days after receipt by the defendant … from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As explained by the court in *Lowery*:

> "Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) "an amended pleading motion, order or other paper," which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists.

483 F.3d at 1213 n.63. The thirty-day removal clock "starts ticking" once all three conditions are present. *Allen v. Thomas*, 2011 WL 197964 *3 (M.D. Ala. 2011).

In a case with multiple defendants, the Eleventh Circuit applies the last-served defendant rule, which recognizes that defendants "are not required to take action—whether seeking removal or otherwise responding to another defendant's notice of removal—until they are properly served, 'regardless of when-or if-previously served defendants had filed such notices.'" *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008). Where a later-served defendant files a notice of removal, "any earlier-served defendant may consent to the removal even through that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446 (2)(C).

### D. AMOUNT IN CONTROVERSY REQUIREMENT

To establish jurisdiction under 28 U.S.C. § 1332(a), in addition to complete diversity of citizenship, the matter in controversy must also exceed the sum or value of $75.000. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Lowery*, 483 F.3d at 1211. When the complaint does not specify the amount of damages sought, "the court considers the initial complaint or later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. However, where the pleadings are inadequate, the court may review the record to find evidence that diversity jurisdiction exists. *Williams*, 269 F.3d at 1319-20. Defendants may also introduce a wide range of evidence including "their own affidavits, declarations, or other documentation" supporting removal. *Pretka*, 608 F.3d at 755.

### IV. DISCUSSION

Defendants submit a motion to substitute Exhibit C to the notice of removal to correct the omission of the accident and plaintiff's medical records that should have accompanied the pre-suit settlement demand. Doc. 11. According to Federal Rule of Civil Procedure 15(a)(1), "a party may amend its pleading once as a matter of course within (A) 21 days after serving it.: Fed. R. Civ. P. 15. Therefore, defendants' motion to substitute Exhibit C is due to be granted.

Plaintiff's motion to remand does not challenge diversity of citizenship in this case. Defendants' notice of removal properly alleges diversity of citizenship, stating that plaintiff is a citizen of Alabama, and that both defendants Bennett and Corporate Transportation are citizens of Florida. Doc 1 at 2. Plaintiff likewise does not challenge the timeliness of defendants' removal, and defendants state that removal is timely because Bennett has yet to be served, and therefore his "30-day window for removal has not yet started." Doc. 1 at 3.

Plaintiff's motion to remand and defendants' notice of removal and response to plaintiff's motion to remand address the amount in controversy requirement of $75,000. Plaintiff's motion to remand points to defendant Corporate Transportation's pre-suit counter-offer of $2,500 in response to her $150,000 demand to argue that the amount in controversy requirement has not been met. Doc. 5 ¶ 4. Plaintiff further requests leave to amend her complaint to seek damages no less than $74,999. *Id.* ¶ 5. Defendants premise their removal on plaintiff's pre-suit settlement demand of $150,000, as well as the $10,647.69 in pre-suit medical expenses that were incurred by plaintiff as a result of the vehicle collision with Bennett. Doc. 1 at 2-3. Defendants further argue that plaintiff's additional pre-suit settlement demand of $147,500 and plaintiff's counsel's oral representation that "unless six (6) figures were offered, Defendants should not bother making a settlement offer" are relevant in determining the amount of controversy at the time of removal. Doc. 13 at 6. However, while settlement offers may be entitled to weight in determining whether

the amount in controversy has been met where they "provide specific information to support the plaintiff's claim for damages" and "suggest the plaintiff is offering a reasonable assessment of the value" of a claim, *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)) (internal quotations omitted)), plaintiff's motion to remand is due to be granted for the reasons explained below.

Whenever it appears that subject matter jurisdiction is lacking, "a federal court must inquire sua sponte into the issue." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citing *Fitzgerald v. Seaboard Sys. R.R. Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)). While defendants submit evidence that Bennett was never served with the summons and complaint, and correctly argue that the Eleventh Circuit applies the last-served defendant rule in examining the timeliness of a removal action, defendants have failed to allege that defendant Bennett received an "other paper" upon which removal jurisdiction may be based, and plaintiff's motion to remand is therefore due to be granted. Defendants submitted several documents as evidence that the amount in controversy requirement has been met. Among these are:

(1) plaintiff's demand letter of $150,000 and medical files, dated September 8, 2017, showing $10,647.69 in medical expenses, Doc. 11-1;
(2) plaintiff's counsel's email, dated September 13, 2017, communicating a settlement demand of $147,500, Doc. 12 at 6;
(3) the affidavit of Tina Zblewski, a claims representative for defendant Corporate Transportation, Inc.'s insurance carrier, dated April 23, 2018, Doc. 12 at 8-10.

Zblewski's affidavit and attached notes detail a telephone conversation Zblewski had with plaintiff's attorney on March 28, 2018. Zblewski's notes and affidavit indicate that plaintiff's attorney stated that the company "should not bother" trying to settle the case if they "could not get over six figures," which suggests that plaintiff's own valuation of her claim was at least $100,000. Plaintiff's initial complaint does not specify an amount in controversy meeting the jurisdictional

requirement, and therefore defendants must show that "through service or otherwise" they received an "other paper" from which they ascertained that the case had become removable. *See* 28 U.S.C. § 1446(b)(3). As noted above, an "other paper" must be one which is received after the initial pleading and must be a written document; oral settlement demands are insufficient to trigger the 30-day removal clock. The two specified settlement demands, and plaintiff's medical records, predate the initial complaint, which was filed on November 2, 2017, and plaintiff's counsel's statements, as recounted by Zblewski, cannot be counted as an "other paper" triggering removal, because they were not received by the defendants in writing. Defendants have had the opportunity to submit evidence in support of removal, and there no record evidence before the court that can be construed as an "other paper." Because "the burden of proving jurisdiction lies with the removing defendant[s]," *Williams*, 269 F.3d at 1319, and that burden has not been met, plaintiff's motion to remand is due to be granted.

## V. CONCLUSION

For the reasons set forth above, it is

ORDERED that defendants' motion to substitute an exhibit to the notice of removal is GRANTED. It is further

ORDERED that plaintiff's motion to remand is GRANTED, and this case is hereby REMANDED to the Circuit Court of Montgomery County, Alabama. Plaintiff's request for leave to amend its complaint is therefore MOOT.

Done, on this the 7th day of February, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge